THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A. GARDNER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFERY UTTECHT,<br><br>　　　　　　Respondent. | CASE NO. C12-1195-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's objections (Dkt. No. 26) to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, which recommends denial of Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus. (Dkt. No. 25.) Having thoroughly considered the Report and Recommendation and Petitioner's objections thereto, the governing authorities, and the balance of the record, the Court hereby ADOPTS the Report and Recommendation for the reasons explained herein.

I.   INTRODUCTION

Petitioner Joseph A. Gardner is incarcerated at the Washington State Penitentiary in Connell, Washington, pursuant to a conviction for first-degree murder entered on August 8, 1997. (Dkt. No. 19, Ex. 1.) Because Mr. Gardner did not file a notice of appeal within thirty days, as required under Washington Rule of Appellate Procedure 5.2a, his conviction became final under state law on September 8, 1997.

ORDER
PAGE - 1

While incarcerated, Mr. Gardner filed four Personal Restraint Petitions ("PRPs") prior to filing the instant federal habeas petition on May 1, 2012. He filed the first on August 2, 2002; the second on January 12, 2004; the third on June 24, 2008; and the fourth on January 22, 2010. (*See* Dkt. No. 25 at 2-3.) Only in the second and fourth petitions did Mr. Gardner challenge the validity of his sentence, as he does in the instant federal petition.[1] However, both of those PRPs were dismissed as time barred and frivolous. (*Id.*) With regard to the fourth petition, the Washington Supreme Court denied Mr. Gardner's request for reconsideration of the denial on April 26, 2011. (Dkt. No. 19-11 at 2.)

Thereafter, on May 1, 2012, Mr. Gardner filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Mr. Gardner seeks relief on the following grounds:

A. His juvenile second-degree burglary conviction was not a valid predicate offense for the unlawful possession of a firearm ("UPFA") conviction under *State v. Knippling*, 166 Wn.2d 93 (2009).

B. Second-degree burglary is not statutorily a "serious offense" under Washington State law and therefore cannot support his UPFA conviction.

C. The state sentencing judge erred in counting his UPFA conviction toward his offender score and in finding that he had an offender score of 2.

(Dkt. No. 1.)

Upon consideration of Respondent's motion to dismiss, Judge Tsuchida issued a Report in which he recommends that Mr. Gardner's petition be dismissed because (1) it is time barred and (2) it nonetheless fails to state a claim for federal habeas relief. (Dkt. No. 25.) Mr. Gardner filed timely objections to Judge Tsuchida's Report and Recommendation. (Dkt. No. 26.) In his objections, Mr. Gardner asserts that his fourth state PRP was timely under state law for multiple

---

[1] Mr. Gardner's third petition addressed the alleged deficiencies in his sentence calculation, but as explained in the Report and Recommendation, Mr. Gardner withdrew that petition and filed the fourth PRP before the Court address the contents therein.

ORDER
PAGE - 2

reasons; that he was diligent in filing his fourth PRP; and that his federal petition was not filed more than one year after his fourth PRP was denied. (Dkt. No. 26.) While not clearly asserted, Mr. Gardner also argues that it would be unfair to deny his petition as untimely, which the Court construes as an argument that he is entitled to equitable tolling of the applicable statute of limitations. (*Id.*) Upon review, the Court finds no merit in Petitioner's objections.

## II. DISCUSSION

### a. Standard of Review

A district court must conduct a *de novo* review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's report as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003).

### b. Statute of Limitations in Section 2254 Proceedings

Under 28 U.S.C. § 2244, there is a one year statute of limitations for filing a federal habeas corpus petition under § 2254. *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner must file his or her federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

ORDER
PAGE - 3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If during the one year limitations period a "properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo,* 544 U.S. 408, 410 (2005). An application is "properly filed" under state law "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including time limits upon its delivery. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, a federal petition is time barred when a state habeas petition, even if properly filed under state law, is first filed after the expiration of the one year limitations period under § 2244, since there is no remaining time to be tolled. *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *see*, *e.g.*, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Brown v. Curry*, No. 09-16162, 451 Fed. Appx. 693 (9th Cir. Oct. 5, 2011) (holding that "petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute"). Under such circumstances, the federal petition is time barred unless the petitioner is entitled to equitable tolling. *Pace*, 544 U.S. at 419.

Equitable tolling, in turn, is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and is appropriate only if the petitioner can satisfy the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 130 S. Ct. 2549, 2562-63 (2010); *Waldron-*

*Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (citation omitted). The "extraordinary circumstances" must have been beyond the petitioner's control and made it impossible to file the petition on time. *Waldron-Ramsey*, 556 F.3d at 1011 (citing *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2009); *see*, *e.g.*, *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (explaining that exceptional circumstances could include attorney misconduct or erroneous dismissal of petition by district court). However, mere "oversight, miscalculation or negligence on [the petitioner's] part" precludes the application of equitable tolling. *Waldron-Ramsey*, 556 F.3d at 1011 (citation omitted). Particularly, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006). With regard to due diligence, a "petitioner must diligently seek assistance and exploit whatever assistance is reasonably available" in attempting to file a timely petition. *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010).

### 1. Mr. Gardner's Federal Habeas Petition is Statutorily Time Barred

In his objections, Mr. Gardner first contends that under RCW 10.73.100, otherwise untimely state PRPs may be deemed timely if the delay was due to certain circumstances, such as a clerical mistake or "new case law." (Dkt. No. 26 at 1.) Thus, Mr. Gardner reasons, his state PRPs should have been deemed timely. However, Petitioner's argument fails for two reasons. First, in order for Mr. Gardner's PRPs—even assuming they were timely filed under state law— to toll the statute of limitations for his federal petition, he must have filed the PRPs no later than September 9, 1998, the date that the one-year limitations period under § 2244 expired. As the Ninth Circuit has explained on multiple occasions, even if state law permits the filing of a state petition at a later point, federal law does not allow the "reinitiation" of the limitations period after its expiry date. *See Jimenez*, 276 F. 3d at 482; *Ferguson*, 321 F.3d at 823. Since Mr. Gardner did not file his first PRP until August 2, 2002, over four years and ten months after his conviction became final, and his second PRP, which addressed the validity of his sentence for the first time, more than five years after the § 2244 limitations period expired, he is time barred

from filing a federal petition unless the limitations period was equitably tolled.

Second, the United States Supreme Court has held that "when a state court deems a petition untimely, it is not 'properly filed.'" *Pace*, 544 U.S. at 417. Notwithstanding Mr. Gardner's arguments as to why his state PRPs were in fact timely under Washington law, Mr. Gardner's second and fourth PRPs, the two that address the validity of his sentence, were both dismissed as "untimely" by Washington courts. (Dkt. 19, Ex. 12 and 24.) Because the limitations period may only be tolled while "a properly filed application for State postconviction or other collateral review" is pending, *id*., Mr. Gardner's PRPs could not have tolled the limitations period, notwithstanding his arguments that they should have been deemed timely. Accordingly, the Court agrees with Judge Tsuchida's conclusion that Mr. Gardner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

Mr. Gardner also argues in his objections that his federal habeas petition was timely because he filed it less than one year after the Washington Court of Appeals denied review of his fourth PRP and issued its certificate of finality on May 13, 2012. (Dkt. 26 at 2.) As Judge Tsuchida recognized, however, this argument necessarily fails in light of the analysis above— *i.e.*, that the limitations period had long since expired. However, even assuming that the limitations period was tolled from 1998, the fourth PRP became final on April 26, 2011 when the Washington Supreme Court denied review and not when Mr. Gardner received the certificate of finality on May 13, 2011. (Dkt. 19, Ex. 28.) *See*, *e.g.*, *Wetton v. Clarke*, No. 06-35607, 258 Fed. Appx. 134, 135 (9th Cir. Dec. 6, 2007) (citing *White v. Klitzkie*, 281 F.3d 920, 923-24 (9th Cir. 2002) (holding that appellate review was no longer "pending" "[o]nce the Washington Supreme Court denied review" and explaining that AEDPA's one year limitations period began running the following day). Therefore, even assuming that the limitations period was tolled under § 2244 until April 26, 2011, when the Washington Supreme Court denied review of his fourth PRP, Mr. Gardner's federal petition is still time barred because he filed it on May 1, 2012, more than one year later. Accordingly, the Court overrules Mr. Gardner's objection to Judge Tsuchida's

recommendation on this point.

### 2. Equitable Tolling Is Not Warranted

While not clearly argued, Mr. Gardner asserts at various points that it is unfair to bar his habeas petition on timeliness grounds. More specifically, Petitioner provides various reasons why he was unable to file his petition, which the Court construes as an argument that the limitations period should nonetheless be equitably tolled. To support this contention, Mr. Gardner explains that the sentencing judge and his counsel in the underlying matter did not advise him that he could file a habeas petition and thus, that he was unaware of his right to seek federal habeas relief. (Dkt. 26 at 3.) Upon review, the Court agrees with Judge Tsuchida's conclusion that equitable tolling is not warranted in this circumstance.

Equitable tolling is appropriate only where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. *Waldron-Ramsey*, 556 F.3d at 1011. Here, nothing in Mr. Gardner's petition suggests there were extraordinary circumstances that made it impossible for him to file his federal habeas petition on time. The Court acknowledges that Mr. Gardner is a *pro se* petitioner and therefore lacks legal sophistication; however, the Ninth Circuit has made clear that ignorance of the law is not an extraordinary circumstance that warrants equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) (recognizing agreement among courts of appeals that ignorance of the law does not constitute exceptional circumstance). Furthermore, there is no evidence indicating that Mr. Gardner "diligently [sought] assistance or exploit[ed] whatever assistance" was reasonably available to him during the limitations period. *Bills*, 628 F.3d at 1100. The Court thus agrees with Judge Tsuchida's recommendation that Mr. Gardner's circumstances do not warrant equitable tolling. (Dkt. No. 25 at 5-6).

### C. Petitioner Fails to State a Claim Upon Which Relief May Be Granted

Lastly, Mr. Gardner suggests in his objections that his sentence violates his federal constitutional rights because the Washington courts violated the "rule of lenity." The thrust of

ORDER
PAGE - 7

this argument is that second-degree burglary was defined as violent and non-violent under Washington state statutes, and therefore interpreting second-degree burglary as a "violent" crime despite this perceived ambiguity was improper. (Dkt. 26 at 2). In his Report, however, Judge Tsuchida correctly noted that Mr. Gardner challenges only an interpretation of Washington law by a Washington court, which did not find any ambiguity in the statute or merit to Plaintiff's interpretation of the law. (Dkt. No. 25 at 8) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)); *see*, *e.g.*, *Callis v. Ortiz*, No. 07-1048, 247 Fed. Appx. 112, 114-15 (10th Cir. 2007) (affirming dismissal of § 2241 petition where argument about sentence miscalculation was based of the rule of lenity, because petitioner's argument was "premised on attacking the state court's interpretation of a state statute").

Indeed, a federal habeas court is "bound by a state's interpretation of its own laws," *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003), and here, the Washington Supreme Court concluded that even assuming Mr. Gardner's PRP been timely filed, his sentence was properly calculated in accordance with unambiguous state law. (Dkt. No. 19-9, Ex. 26.) This Court accordingly defers to the Washington court's interpretation of Washington law; the "rule of lenity" is inapplicable; and the Washington Supreme Court's decision was neither "contrary to" nor an "unreasonable application of" clearly established United States Supreme Court law. *See*, *e.g.*, *Norris v. Czerniak*, No. 04-35086, 121 Fed. Appx. 198, 199 (9th Cir. Jan. 19, 2005) (affirming denial of § 2254 petition where petitioner challenged sentence calculation based on rule of lenity because state supreme court interpreted the statute as unambiguous and federal court was bound to accept state court interpretation of state law); *see also Stalnaker v. Johnson*, No C10-1065, 2012 WL 2319239, at *6 (S.D. Ohio June 19, 2012) (denying petition based on rule-of-lenity argument because the rule is "merely a canon of statutory interpretation" and nothing in petition or record demonstrated "that the statute under which he was convicted and sentenced was either unconstitutionally vague or otherwise failed to provide him fair notice at the time of his conviction"). Accordingly, the Court agrees with Judge Tsuchida's conclusion

that Mr. Gardner's petition fails to state a claim for federal habeas relief under § 2254.

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby ORDERS as follows:

1) The Report and Recommendation (Dkt. No. 25) is ADOPTED;

2) Petitioner's proposed 28 U.S.C. § 2254 habeas petition is DISMISSED with prejudice because he is time barred;

3) As Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), Petitioner is DENIED issuance of a certificate of appealability;

4) The Clerk is respectfully directed to send a copy of this Order to Petitioner, all counsel of record, and Judge Tsuchida.

DATED this 29th day of January 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 9